**Sandra Sue Ford REDFEARN, Appellant,**

v.

**Michael Scott FORD, a minor (Norma Ford), Appellee.**

**No. 19732.**

Court of Civil Appeals of Texas, Dallas.

Feb. 22, 1979.

Rehearing Denied April 4, 1979.

the life of her deceased former husband, Kenneth Ford. The principal question before us is whether Mr. Ford's actions, without his wife's knowledge or consent, in changing the beneficiary designation in one policy from his wife to their infant son and designating the son as the sole beneficiary in the second policy constituted constructive fraud on the community property rights of the wife. The trial court held there was no fraud on appellant's community property rights, and we affirm.

The significant facts are as follows. Appellant Sandra Ford Redfearn and her deceased husband Kenneth Ford were the parents of Michael Ford. Michael Ford, their only child, was six years old when his father died. Appellant and Kenneth Ford experienced marital problems and separated in February of 1977. Appellant left Mr. Ford and took their son, but returned him two weeks later when she began living with another man. Mr. Ford knew of his wife's living arrangement, but, nevertheless, urged her to return home. Mr. Ford died intestate on April 24, 1977, and in July 1977 appellant married the man she had been living with. At some undisclosed time prior to his death, Mr. Ford changed the beneficiary designation in one of the two life insurance policies from his wife to his son and designated his son to the exclusion of his wife in a second policy. After Mr. Ford's death, appellant claimed the proceeds of these policies and appellee, Michael Ford's paternal grandmother, sued appellant and the insurance companies in her capacity as guardian of Michael Ford's estate for all the proceeds. Appellant filed a cross-action alleging constructive fraud on the part of her deceased husband.

It is undisputed that the community estate of Mr. and Mrs. Ford consisted of $98,178.23 in life insurance proceeds and miscellaneous personal property of nominal value, and they owed a department store debt of $1,372.58. Appellant was beneficiary on life insurance policies totaling $25,000, and Michael Ford was beneficiary on policies totaling approximately $73,000. The trial court found that all insurance

Hal D. Wallace, Jr., Brown & Brown, Inc., Garland, for appellant.

Jon Michael Franks, Irving, for appellee.

Before GUITTARD, C. J., STOREY and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This appeal is from a probate court's judgment denying appellant, Sandra Ford Redfearn, recovery from her son of any of the proceeds of two insurance policies on

premiums were paid with community funds and that the insurance proceeds were community property. Appellant was healthy and capable of supporting herself, but had no professional skills or training, and no formal education beyond the tenth grade. The court found that she was adequately provided for, however, by the $25,000 insurance proceeds she received. The trial court further found that at the time of Mr. Ford's death there were substantial community property debts which had not been paid at the time of trial, and that neither Mr. Ford nor appellant owned separate property of any consequence.

■ Appellant does not challenge the husband's authority to designate beneficiaries under the life insurance policies except to the extent that such designations constituted a constructive fraud on the appellant's community property rights. Appellee admits, and we agree, that the burden is upon the disposing spouse or the donee to prove that the gift was not unfair to the spouse and was not a fraud upon the other spouse's rights. *Carnes v. Meador*, 533 S.W.2d 365 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.); *Murphy v. Metropolitan Life Insurance Co.*, 498 S.W.2d 278, 282 (Tex.Civ.App.—Houston [14th Dist.] 1973, writ ref'd n. r. e.). We must, therefore, consider whether appellee discharged her burden to prove the fairness of the disposition of appellant's one-half interest in the insurance proceeds.

■ The factors affecting the fairness of such a disposition were discussed by this court in *Givens v. Girard Life Insurance Co. of America*, 480 S.W.2d 421, 426 (Tex.Civ. App.—Dallas 1972, writ ref'd n. r. e.). After reviewing a number of similar cases with factual contexts involving donees and beneficiaries related to the decedent, we observed:

> The courts have considered objective factors in determining whether the situation was one in which the decedent might properly have made a gift of community funds, such as the relationship of the parties, whether special circumstances tended to justify the gift, and whether

the community funds used for such purpose were reasonably in proportion to the community assets remaining.

■ Applying these objective factors, we hold that the trial court's findings, conclusions and the undisputed evidence support its judgment. We are persuaded that Mr. Ford made a reasonable provision for their infant son while relieving his wife of the burden and possible anxiety of meeting her moral and legal obligation to support and educate their son until he reaches his age of majority. She was not actually caring for the child after the separation and her lack of professional skills and formal education were factors affecting her disposition and ability to support and educate the child, and thus provided a reasonable basis for Mr. Ford to use a portion of their community funds for the purchase of insurance to protect the child in the event of his untimely death. If he had deposited the funds instead in a savings account for the benefit of the child, the amount, though not disclosed by this record, would hardly have been great enough to suggest unfairness or fraud. On the other hand, the record shows that she was capable of supporting herself and that he was mindful of her continuing needs in leaving $25,000 insurance for her benefit. Consideration of these factors convince us that the evidence is sufficient to support the trial court's implied finding that the size of the gift in relation to the total size of the community estate is not inconsistent with fairness and that the father's gift to his son was neither capricious, excessive, nor arbitrary. Consequently, we hold that appellee successfully carried her burden of proof to show the fairness of the disposition of appellant's one-half interest in these insurance proceeds.

Affirmed.