Jimmy Maurice CLEAVER, Appellant,

v.

GEORGE STATON COMPANY, INC., Staton Materials, Inc., Joe B. Staton and George D. Staton, Jr., Appellees.

No. 12–93–00168–CV.

Court of Appeals of Texas, Tyler.

July 31, 1995.

As Corrected on Denial of Rehearing Sept. 29, 1995.

Michael E., Jarrett, Tyler, for appellant.

R. Michael Northrup, and Charles T. Frazier, Jr., Dallas, for appellees.

Before RAMEY, C.J., and HOLCOMB, J.

RAMEY, Chief Justice.

The principal issue presented by this appeal is whether a district court has jurisdiction of an estranged husband's suit against a third party trustee in which his wife is the beneficiary of the trust the payments from which are her separate property or sole management community property. In 1992, Jimmy Maurice Cleaver ("Husband") sued Joe B. Staton ("Trustee") and Staton lumber yard, subsequently incorporated as George

Staton Company, Inc. and Staton Materials, Inc., the George D. Staton, Sr. Trust and George D. Staton, Jr., (together "Statons") for fraud, conversion as well as breach of fiduciary duty and the Texas Trust Code ("Trust Suit"). When this suit was filed, a separate divorce suit ("Divorce Suit") was pending between Sally Susan Staton Cleaver ("Wife") and Husband in the county court at law. The trial court subsequently abated the Trust Suit, ruled that the defect could not be cured by amending his pleadings and dismissed it on the grounds that Husband cannot recover in the capacity in which he sued and has no standing to bring the suit. In his third point of error, Husband asserts that the trial court erred in dismissing the case for lack of standing or capacity. We will affirm the trial court judgment.

Although the two stated grounds for the trial court's ruling, "capacity" and "standing" to bring the lawsuit, are not identical, the distinction as applied to this case is somewhat blurred. Generally, the lack of "capacity" to sue pertains to the legal right to prosecute a lawsuit in one's own name, such as arises from the disability of minority or mental incompetency. On the other hand, "standing" is held to be an element of subject matter jurisdiction. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex.1993). The "standing" doctrine requires that the plaintiff have a justiciable interest in the matter in dispute. *Texas Industrial Traffic League v. Railroad Comm'n.*, 633 S.W.2d 821, 823 (Tex.1982). Here, we will focus upon "standing" to bring the lawsuit.

George Staton, Sr. died in 1966. By testamentary disposition, he established individual trusts for his children, the subject trust naming Wife as the sole beneficiary of the income from that trust for life. She was then single. The trust corpus consisted of one twelfth of the assets of Staton lumber yard, subsequently incorporated as George Staton Company, Inc. and Staton Materials, Inc., and miscellaneous other assets. In 1971, prior to reaching her twenty-first birthday, she married Husband. Husband alleges that no significant trust distributions to Wife have been

made. Apart from the claims in the underlying Trust Suit, Husband and Wife's community estate is alleged to be negligible.

At Husband's instance, the Divorce Suit was transferred from the county court at law to the district court, the forum in which the Trust Suit was pending. After a hearing on January 5, 1993, which hearing was completed on February 23, 1993, the trial court dismissed the Trust Suit on the grounds that Husband was not entitled to recover in the capacity in which he sued and his lack of standing to sue for Wife's trust distributions. The trial court made no ruling on the other issue considered at the hearings, the Motion to Consolidate the two suits; it did not file requested Findings of Fact and Conclusions of Law.

■ The trust provides for current mandatory payments of income from the corpus to the Wife for life; she was conveyed no ownership interest in the corpus of the trust and has no present possessory interest in the corpus. The trust income payments to the Wife are thus her separate property. *In re Marriage of Long,* 542 S.W.2d 712, 717–18 (Tex.App.—Texarkana 1976, no writ). If any trust benefits to the Wife are characterized as community property, they would be the sole management community property or "special community" of the Wife. Tex.Fam. Code Ann. § 5.22(a)(2) (Vernon 1993).

■ Wife is a necessary party in Husband's suit for the recovery of trust funds for their community estate. Tex.Prop.Code Ann. § 115.011(b) (Vernon 1984). Originally, Husband did not make Wife a party to the Trust Suit. In his First Amended Original Petition, however, Husband named Wife an "involuntary plaintiff" in the suit;[1] the Husband's allegations in this pleading did not implicate her in claimed misconduct. Wife was never served with process. Wife contends that naming her as a party, without more, does not invoke the court's jurisdiction of her person.

At the January 5, 1993, hearing to consider the questions of standing and consolidation, counsel for the Wife in the Divorce Suit made an appearance to represent her interests in that suit on the issue of its consolidation with the Trust Suit; he advised that he would accept service of process for the Wife in the other cause of action, the Trust Suit, "and go forward in that regard". No answer or other written pleading on behalf of the Wife, however, was filed in the Trust Suit.

■ It has long been the rule in Texas that to constitute a general appearance where the party has filed no written pleading, the party must seek a specific adjudication by the court on some question other than that of the court's jurisdiction. *St. Louis & S.F.R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (Tex.1918); *Liberty Enterprises, Inc. v. Moore Transportation Company, Inc.,* 690 S.W.2d 570 (Tex.1985); *Moore v. Elektro–Mobil Technik GmbH,* 874 S.W.2d 324, 327 (Tex.App.—El Paso 1994, writ denied).

At one stage of the hearing, Wife's counsel offered observations pertinent to limitations and other questions dealing with the merits of the Trust Suit but did not seek relief on any issue then pending before the court other than the issue of consolidation. He neither called nor examined any witnesses; he filed no brief as did other counsel and he sought no relief except to assert Wife's position in the Divorce Suit on the issue of consolidation. We hold that Wife made no general appearance in the Trust Suit and was not subject to the court's jurisdiction in the Trust Suit. If the court's personal jurisdiction of the Wife was dispositive of the Trust Suit, that issue could have been resolved by abating the suit until such time as the Wife had appeared voluntarily or after service of process upon her.

■ We next address the question of whether this Trust Suit is a "proper case" under Rule 39(a) to invoke the "involuntary plaintiff" procedure to afford Husband standing to sue the Trustee and Statons. Tex. R.Civ.P. 39(a). To the extent that the bene-

---

1. [T]he Statons argue that Husband failed to follow the procedural requirements by not securing leave of court to join Wife in the Trust Suit under Tex.R.Civ.P. 38. Such requirement is not applicable here because the Husband is not a third party plaintiff, and the Wife was sought to be joined as an additional party which was not responsive to a counterclaim.

ficial interest in the trust income payments are Wife's separate property, Husband has no standing to sue these defendants. *Lester v. United States,* 487 F.Supp. 1033, 1039 (N.D.Tex.1980); *Weatherford v. Elizondo,* 52 F.R.D. 122, 128–29 (S.D.Tex.1971). Husband, of course, does have his interest in the community estate. Although there are no specific pleadings or proof of commingling of the trust income, or of a claim for interest on the non-payment of the trust income due Wife, a contention is asserted by the Husband that the community estate has been depleted by the Trustee's failure to make trust income payments to the Wife. Until the divorce is granted, any community property trust benefits would be the Wife's special community subject to the Wife's sole management, control and disposition, and only the Wife has the authority to sue to recover them. *Bell v. Moores,* 832 S.W.2d 749, 753 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

Wife has not been named as a Defendant, only an "involuntary plaintiff"; Husband has alleged no conspiracy by the Wife with the third party Defendants to defraud him of community property. *See Belz v. Belz,* 667 S.W.2d 240 (Tex.App.—Dallas 1984, writ ref'd n.r.e.). Nor does Husband allege in his pleadings that Wife used her right to management to defraud him. *Bell,* 832 S.W.2d at 753. On the contrary, Husband pleads that Wife, as an involuntary plaintiff, has also been victimized by the third parties' conduct.[2]

No precedent has been cited approving the "involuntary plaintiff" device to wrest the sole management of Wife's community interest in the trust from her. We have found none. Only the Wife exercises control over her special community. *Bell,* 832 S.W.2d at 753. It is fundamental that only a party whose primary legal right has been breached may seek redress in a lawsuit. *Nobles v.*

*Marcus,* 533 S.W.2d 923, 927 (Tex.1976); *Bell,* 832 S.W.2d at 752. Under Husband's pleadings, it was Wife's primary legal right that was breached by the Trustee's conduct. We are compelled to conclude that the Wife's sole management control of her interest in the trust can not be eroded by simply joining her as an "involuntary plaintiff" in the Husband's suit against the Trustee.

Additionally, there is authority that the trial court's jurisdiction is determined at the time that the suit is filed. *Tex. Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d at 446; *Bell,* 832 S.W.2d at 754. Wife was named an "involuntary plaintiff" for the first time in a amended petition. Husband's initial lack of standing is not cured by the subsequent joinder. *Ibid.* For all the stated reasons, we must hold that the Husband did not have standing to pursue the Trust Suit, although the Wife had been named an "involuntary plaintiff". Husband's third point of error is overruled.

Husband's first point of error asserts that the trial court erred in failing to file findings of fact and conclusions of law. His second point complains of the court's failure to consolidate the two suits. There is no dispute that Husband submitted proper and timely requests for the findings. Further, it is presumed that the court's failure to comply was harmful error. *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117 (1944). This presumption of harm may be overcome if the record affirmatively demonstrates that the complaining party suffered no injury by the court's failure to file findings. *Carr v. Hubbard,* 664 S.W.2d 151, 153 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

In this appeal, no trial court findings, if they had been filed, could affect the consolidation and standing points. The trial court did not make a ruling on consolidation; Hus-

---

**2.** In his briefs and argument, Husband now asserts that Wife has breached her fiduciary relationship with Husband and charges her with fraud on the community estate. Such claims will be determined in the Divorce Suit in making the "just and right" property division, not by a separate cause of action against the spouse and third parties. *Belz* 667 S.W.2d at 247. We are not presented with outrageous spousal conduct giv-

ing rise to the tort of infliction of emotional distress. *Twyman v. Twyman,* 855 S.W.2d 619 (Tex.1993). Here, Husband's live pleadings do not charge Wife with malfeasance. To protect Husband, the divorce court is empowered to render a personal judgment against the Wife if necessary to provide an equitable distribution of the community estate. *Belz,* 667 S.W.2d at 247.

band did not specifically request a ruling on consolidation at the conclusion of the hearings. When the trial court dismissed the Trust Suit, consolidation was no longer an issue. In the absence of a court order ruling on consolidation, nothing is presented for our review.

On the standing issue, the essential evidence was undisputed. To be considered with the parties' pleadings, the critical facts were the terms of the testamentary trust and the uncontroverted failure of the Trustee to make the prescribed semiannual income payments to Wife since her twenty-first birthday. The issue of Husband's standing to bring the lawsuit was a question of law for the court. The trial court specifically recited his legal conclusions in his Order. We thus hold that no harm resulted to the Husband by its failure to file findings of fact and conclusions of law. The first point of error is overruled. The second point is likewise overruled, because, as stated, there was no ruling by the trial court on the issue of consolidation for us to review.

The judgment of the trial court is affirmed.

HOLCOMB, J., not participating.