COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
PAUL LUCY,                                                   )                  No. 08-02-00523-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  383rd District Court
)
JOAN WAUGH LUCY,                                      )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 96-CM-7150)

O P I N I O N

            This is an appeal from a division of property incident to divorce. At issue is an amorphous
award of “reimbursement” in favor of Joan Lucy which is also characterized in the final decree as
a judgment to equalize division. On appeal, Paul Lucy complains that the evidence is legally or
factually insufficient to support the reimbursement award. For the reasons that follow, we affirm.
FACTUAL SUMMARY
            The parties were married in 1991 and separated in 1996. Each had children from a prior
marriage and considerable separate property. A decree of divorce was entered in December 1996. 
When disputes arose concerning the division of property, Paul filed a petition for bill of review and
Joan sought post-judgment partition of previously undivided assets. The trial court set aside the
decree and following a bench trial, rendered judgment confirming the parties’ separate property and
dividing the community estate. 
            As Paul frames the issues, this appeal concerns Joan’s recovery upon two reimbursement
claims. The first relates to rental income. At the time of the marriage, Paul owned a home located
at 10632 Quezada Street. During the marriage, the parties resided in Joan’s house located at 10900
Dave Marr. Characterization of these houses is not in issue. When the parties separated, Paul told
Joan that he could not move back in to the Quezada property because it had been rented. Joan
claimed that she did not know the property had been rented, nor had she seen any of the rental
income. She sought to recover $43,200, representing the rental income from the property during
marriage. The second issue relates to the depletion of a bank account. Prior to marriage, Joan’s
checking account contained $53,947.84. She added Paul’s name to the account and gave him free
access to write checks as he saw fit. Joan listed the account as community property on her inventory,
and the parties ultimately stipulated to characterization at trial. At that time, the account balance was
$10,244.72. In her testimony, Joan highlighted unusual withdrawals Paul had made. For example,
she testified that one month he had withdrawn $13,000 but she never found out why. She claimed
that Paul wrote checks totaling $170,348. She requested reimbursement for $43,703.12, representing
the difference in the beginning and ending balance of the account. 
THE NATURE OF THE PLEADINGS
            In her pleadings, Joan alleged that Paul had committed economic torts against the community
estate as well as spousal torts against her personally as a result of the transmission of a sexually
transmissible disease, assault, and intentional infliction of emotional distress. Applicable to our
analysis, Joan sought a disproportionate division based upon fault in the breakup of the marriage,
the wasting of community assets, the size and nature of the parties’ separate estates, common law
reimbursement, statutory reimbursement (economic contribution),


 Jensen


 reimbursement, breach
of fiduciary duty, mismanagement of the marital estate, and fraud. She also sought “a judgment
against [Paul] for the losses to the community estate and [Joan], occasioned by the improper conduct
of [Paul].” 
                                                      TERMS OF THE DECREE
            The final decree contains the following paragraph:
Judgment and Lien to Equalize Division
The Court finds that each party has claims for reimbursement and the court having
considered the evidence and the merits of such claim and, having offset said claims,
further finds that [Joan] is entitled to a judgment against [Paul] in the amount of
$28,000.00. 

All other claims for reimbursement were denied. The decree also specifies that Joan was granted 
a divorce on the ground of cruelty. 
FINDINGS OF FACT
            Paul requested that the trial court prepare both traditional and statutory findings of fact and
conclusions of law. See Tex.Fam.Code Ann. 6.711; Tex.R.Civ.P. 296. The statute limits the
required findings to (1) the characterization of each party’s assets, liabilities, claims, and offsets on
which disputed evidence has been presented; and (2) the value or amount of the community estate’s
assets, liabilities, claims, and offsets on which disputed evidence has been presented. It does not
restrict the court’s ability to make additional findings pursuant to Rule 296. In this instance,
however, the trial court entered only the statutory findings and the record does not reveal that
additional findings were requested. Pertinent to our analysis, the court found:
value of claims and offsets
            Reimbursement Claims of [Paul]
1) For community time, toll, [sic] efforts and funds used to improve wife’s separate
home (residence of parties) @ 1900 Dave Marr, El Paso, Texas.
            Amount Claimed: $78,000
            Amount Found by Court: $23,500
 
* * * * *
            Reimbursement Claims of [Joan]
1) For reimbursement on rental income received by Husband from rental of his
separate property house at 10632 Quezada St., El Paso, Texas. Mrs. Lucy claimed
she had no knowledge he was renting his house and receiving income. Rented for
36 months. 
Amount Claimed: (36 mos x $1,200 mo.) = $43,200
            Disposition: Claim allowed
* * * * * 
6) Reimbursement for Mrs. Lucy’s separate property funds used by Mr. Lucy for
various purposes (some known, some unknown to her, as itemized by amounts in
account exhibits). Funds from wife’s s/p


 account at GECU #8050037 
            Amount Claimed: $43,703 
            Amount found by Court from evidence: $9,148.80

            Offsets as determined by Court
 
            The husband’s allowed claim for $23,500 for improvements done to wife’s s/p home
(the residence of the parties), was offset against the wife’s allowed claim of $43,200
for the husband’s rental income. The resulting balance of $19,700 was added to the
other claim allowed to the wife for $9,148 on her claim for separate property funds
used by Mr. Lucy.
 
Net Balance on Reimbursement Claims: A $28,848 reimbursement owed by Mr.
Lucy to Mrs. Lucy.
The court further entered a finding of fault against Paul “for considerable emotional and physical
abuse.” 
SUFFICIENCY OF THE EVIDENCE
            In his first issue for review, Paul challenges the sufficiency of the evidence to support 
reimbursement for rental income. His second issue complains that the evidence is insufficient to
support reimbursement of money Paul withdrew from Joan’s bank account. Our analysis must of
necessity employ overlapping appellate standards of review. We first address the distinctions
between them and how they overlap in the family law arena.
Standards of Review
Traditional Sufficiency Review
            In considering a legal sufficiency or “no evidence” point, an appellate court considers only
the evidence which tends to support the jury’s findings and disregards all evidence and inferences
to the contrary. Garza v. Alviar, 395 S.W.2d 821, 823 (Tex. 1965); Worsham Steel Co. v. Arias, 831
S.W.2d 81, 83 (Tex.App.--El Paso 1992, no writ). If any probative evidence supports the jury’s
determination, it must be upheld. In re King’s Estate, 150 Tex. 662, 244 S.W.2d 660, 661-62
(1951); Neily v. Aaron, 724 S.W.2d 908, 913 (Tex.App.--Fort Worth 1987, no writ).
            A factual sufficiency point requires examination of all of the evidence in determining
whether the finding in question is so against the great weight and preponderance of the evidence as
to be manifestly unjust. In re King’s Estate, 244 S.W.2d at 660; Worsham Steel Co., 831 S.W.2d
at 81. The reviewing court cannot substitute its conclusions for those of the jury. If there is
sufficient competent evidence of probative force to support the finding, it must be sustained.
Carrasco v. Goatcher, 623 S.W.2d 769 (Tex.App.--El Paso 1981, no writ). It is not within the
province of this court to interfere with the jury’s resolution of conflicts in the evidence or to pass on
the weight or credibility of the witness’s testimony. Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792
(1951); Reynolds v. Kessler, 669 S.W.2d 801, 807 (Tex.App.--El Paso 1984, no writ). Where there
is conflicting evidence, the jury’s verdict on such matters is generally regarded as conclusive. Clark
v. National Life & Accident Ins. Co., 145 Tex. 575, 200 S.W.2d 820, 821 (1947); Oechsner v.
Ameritrust Texas, N.A., 840 S.W.2d 131, 136 (Tex.App.--El Paso 1992, writ denied). In a bench
trial, findings of fact are the equivalent of a jury answer to the special issues. Associated Telephone
Directory Publishers, Inc. v. Five D’s Publishing Co., Inc., 849 S.W.2d 894, 897 (Tex.App.--Austin
1993, no writ); Lorensen v. Weaber, 840 S.W.2d 644 (Tex.App.--Dallas 1992), rev’d on other
grounds sub nom.; Exxon Corp. v. Tidwell, 816 S.W.2d 455, 459 (Tex.App.--Dallas 1991), rev’d on
other grounds, 867 S.W.2d 19 (Tex. 1993); A-ABC Appliance of Texas, Inc. v. Southwestern Bell
Tel. Co., 670 S.W.2d 733, 736 (Tex.App.--Austin 1984, writ ref’d n.r.e.).
Abuse of Discretion Standard
            Most of the appealable issues in a family law case are evaluated against an abuse of
discretion standard, be it the issue of property division incident to divorce or partition,
conservatorship, visitation, or child support. Tate v. Tate, 55 S.W.3d 1, 5-6 (Tex.App.--El Paso
2000, no pet.). An appeal directed toward demonstrating an abuse of discretion is one of the tougher
appellate propositions. While the appellant may challenge the sufficiency of the evidence to support
findings of fact, in most circumstances, that is not enough. If, for example, an appellant is
challenging the sufficiency of the evidence to support the court’s valuation of a particular asset, he
must also contend that the erroneous valuation caused the court to abuse its discretion in the overall
division of the community estate.
            The term “abuse of discretion” is not susceptible to rigid definition. Landon v. Jean-Paul
Budinger, Inc., 724 S.W.2d 931, 934 (Tex.App.--Austin 1987, no writ). The test for an abuse of
discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case
for the trial court’s action, but whether the court acted without reference to any guiding rules and
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985), cert. denied,
476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986), citing Craddock v. Sunshine Bus Lines, 134
Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.--1939, opinion adopted). Stated differently, the
appropriate inquiry is whether the ruling was arbitrary or unreasonable. Smithson v. Cessna Aircraft
Company, 665 S.W.2d 439, 443 (Tex. 1984); Landry v. Travelers Insurance Co., 458 S.W.2d 649,
651 (Tex. 1970). The mere fact that a trial judge may decide a matter within his discretionary
authority in a different manner than an appellate judge in a similar circumstance does not
demonstrate that an abuse of discretion has occurred. Southwestern Bell Telephone Co. v. Johnson,
389 S.W.2d 645, 648 (Tex. 1965); Jones v. Strayhorn, 159 Tex. 421, 321 S.W.2d 290, 295 (1959).
Which Standard Do We Apply?
            The Family Code requires that the trial court divide the estate of the parties in a manner that
is just and right having due regard for the rights of each party. Tex.Fam.Code Ann. § 7.001 (Vernon
1998). There is no requirement that the court effectuate an equal division. Murff v. Murff, 615
S.W.2d 696, 699 (Tex. 1981). The courts have determined a number of factors which may justify
a disproportionate division. Id. at 698-99.
            Joan specifically pled that the equities justified a disproportionate division as well as an
equalizing judgment, if necessary. In reviewing the equitable remedy fashioned by the trial court in
achieving a just and right division, we must determine not only whether the trial court’s findings are
supported by the evidence, we must also determine whether error, if established, caused the trial
court to abuse its discretion. We have repeatedly held that once it has been determined that the abuse
of discretion standard applies, an appellate court should engage in a two-pronged inquiry: (1) Did
the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial
court err in its application of discretion? Knight v. Knight, 131 S.W.3d 535, 539 (Tex.App.--El Paso
2004, no pet.); Sandone v. Miller-Sandone, 116 S.W.3d 204, 206 (Tex.App.--El Paso 2003, no pet.);
Lindsey v. Lindsey, 965 S.W.2d 589, 591 (Tex.App.--El Paso 1998, no pet.). The traditional
sufficiency review comes into play with regard to the first question; however, our inquiry cannot stop
there. We must proceed to determine whether, based on the elicited evidence, the trial court made
a reasonable decision. Stated inversely, we must conclude that the trial court’s decision was neither
arbitrary nor unreasonable.
                                                A Creature Called Reimbursement
            Family law practitioners have dealt with reimbursement for decades, although the magic
word did not appear in the Texas Family Code until the Legislature created a statutory right of
economic contribution in 2001. Tex.Fam.Code Ann. Title 1, Chapter 3, Subchapter E, § 3.401 et
seq., added by Acts 2001, 77th Leg., R.S. ch. 838, § 5, eff. Sept. 1, 2001. Let us emphasize that
although Joan pled for economic contribution, the claims at issue here do not arise from the statute. 
Consequently, we are dealing with common law theories of economic recovery. Indeed, although
case law is replete with references to a “right” of reimbursement, the rule of reimbursement is purely
an equitable one. Vallone v. Vallone, 644 S.W.2d 455, 458 (Tex. 1982), citing Colden v. Alexander,
141 Tex. 134, 171 S.W.2d 328 (1943). It is not an interest in property or an enforceable debt, per
se, but an equitable right which arises upon dissolution of the marriage through death, divorce, or
annulment. Id., citing Burton v. Bell, 380 S.W.2d 561 (Tex. 1964); Dakan v. Dakan, 125 Tex. 305,
83 S.W.2d 620 (1935). An equitable right of reimbursement arises when the funds or assets of one
estate are used to benefit and enhance another estate without itself receiving some benefit. Id.
            A claim for reimbursement of funds expended by an estate for improvements to another
estate is to be measured by the enhancement value to the benefitted estate. Kimsey v. Kimsey, 965
S.W.2d 690, 700 (Tex.App.--El Paso 1998, pet. denied), citing Anderson v. Gilliland, 684 S.W.2d
673, 675 (Tex. 1985). This measurement is applied whether the claim for reimbursement is based
on funds expended for payment of a purchase money debt or for a capital improvement to another
estate. Id., citing Penick v. Penick, 783 S.W.2d 194, 197 (Tex. 1988). The party claiming the right
of reimbursement has the burden of proof. Id., citing Jensen v. Jensen, 665 S.W.2d 107, 110 (Tex.
1984); Vallone, 644 S.W.2d at 459.
            Since common law reimbursement is an equitable claim, a court of equity is bound to look
at all facts and circumstances to determine what is fair, just, and equitable. Id., citing Penick, 783
S.W.2d at 197-98; Magill v. Magill, 816 S.W.2d 530, 535 (Tex.App.-- Houston [1st Dist.] 1991, writ
denied). This allows for consideration of offsetting benefits. Kimsey, 965 S.W.2d at 700-01, citing
Jensen, 665 S.W.2d at 109; Magill, 816 S.W.2d at 535. Great latitude must be accorded to the trial
court in applying equitable principles to value such a claim, for it is not just a balancing of the
ledgers between competing marital estates. Id. at 701, citing Penick, 783 S.W.2d at 198; Magill, 816
S.W.2d at 535. The discretion to be exercised in evaluating a claim for reimbursement is equally
as broad as the discretion exercised by a trial court in making a just and proper division of the
community estate. Id., citing Penick, 783 S.W.2d at 198.
            The crux of Joan’s complaint was that Paul took community income of which she was
unaware and spent it without her knowledge. This was the cornerstone of her claim that Paul wasted
community property, breached his fiduciary duty, and mismanaged the community estate. Because
of his conduct, Joan sought a disproportionate division and, if necessary, an equalizing judgment.
            There is no dispute that the rental income was community property. See Tex.Fam.Code
Ann. § 3 .002 (Vernon 1998); In re Marriage of Louis, 911 S.W.2d 495, 497 (Tex.App.--Texarkana
1995, no writ) (income from separate property is community property). Paul argues that there is no
legal basis for allowing “reimbursement” based on receipt of community income by one spouse when
the other spouse is unaware of the receipt. Paul also complains of the award of $9,148.80 for
expenditures made from Joan’s bank account. He argues that the trial court failed to explain its
calculation, merely stating that the reimbursement amount was found from evidence. He contends
that since Joan admitted the account was community property, she was not entitled to
reimbursement. 
                                                      If It Walks Like a Duck . . .
            We come now to the central issue. Must we reverse because the trial court mislabeled the
proper theory of recovery? Is it error to compensate the community estate for economic torts
committed by a spouse simply because the court labeled the relief as “reimbursement?”  
            Texas recognizes the concept of fraud on the community which the trial court may consider
in rendering a disproportionate division. Schlueter v. Schlueter, 975 S.W.2d 584, 588 (Tex. 1998),
citing Belz v. Belz, 667 S.W.2d 240, 247 (Tex.App.--Dallas 1984, writ ref’d n.r.e.). A claim of fraud
on the community is a means either to recover specific property wrongfully conveyed or to obtain
a greater share of the community estate upon divorce in order to compensate the wronged spouse for
her lost interest in the community estate. Belz, 667 S.W.2d at 246-47. A trial court may also award
a money judgment to one spouse against the other in order to achieve an equitable division of the
community estate. Schlueter, 975 S.W.2d at 588, citing Murff, 615 S.W.2d at 699 (allowing money
judgment against husband in division of community property where he had substantial sums in
savings before separation that had disappeared by the time of trial). Because the amount of the
judgment is directly referable to a specific value of lost community property, it will never exceed the
total value of the community estate. Id. A wronged spouse should not suffer simply because the
other spouse has depleted the community such that there is not enough left to effect a just and right
division. Id. Joan asked the court for a disproportionate division, including a money judgment if
necessary, to compensate the community estate for Paul’s fraudulent conduct. Schlueter also
recognized that wasting community assets may give rise to a similar claim. Schlueter, 975 S.W.2d
at 589. Mrs. Schlueter alleged that her husband had, without her knowledge or consent, wrongfully
depleted the community assets. “Such behavior is properly considered when dividing a community
estate.” Id.
Analysis
            In this context, we review the evidence. Paul admitted receiving the rental payments and
cashing the checks. He testified that he would use the funds to pay the mortgage and for incidental
living expenses. While he claimed to have given Joan a portion of the money, Joan testified that he
kept the cash and didn’t give her any. Paul acknowledged that the income was community property,
but complained that if his expenditures did provide some basis for reimbursement, then the
reimbursement should be limited to net income. Penick, 783 S.W.2d at 197.



            With regard to the bank account, Paul complains that the trial court failed to explain its
calculation, merely stating that the award was based on the evidence. He argues that Joan admitted
the account was community property and that she was not entitled to reimbursement absent a tracing
of her separate property funds in the account. He also claims that she did not show that Paul’s
separate estate benefitted at the expense of her separate property or the community estate.
            In each of these instances, Paul acknowledges the conflicting evidence. Nevertheless, the
trial court as the trier of fact was the sole judge of the credibility of the evidence, what weight was
to be assigned to it, and how to resolve inconsistencies. Carrasco, 623 S.W.2d at 772. The court
obviously disregarded Paul’s testimony and believed Joan’s. Paul’s underlying argument is that Joan
was not entitled to “reimbursement” on that basis or that she failed to establish the amount of the
offsetting benefit to the wronged estate. The findings are limited to characterization and value; they
do not encompass the factors which the trial court may have considered in making a disproportionate
division. We conclude that the evidence supports a disproportionate division and that Paul’s conduct
was a factor which the trial court could rightly consider. Simple mathematical calculations derived
from the findings of fact reveal that the trial court valued the community estate at $100,922. Without
the equalizing judgment, the court effectuated roughly a 55%-45% division in favor of Paul. 
Imposition of the judgment results in a 73%-27% division in favor of Joan. We conclude that the
constituent elements are properly aligned: the pleadings support the evidence, the evidence supports
the findings of fact, and the findings support the judgment. We find no abuse of discretion in
attaching a misnomer to the remedy employed. Finding no abuse of discretion, we overrule both
issues for review and affirm the judgment of the trial court.

April 12, 2005                                                             
                                                                                    ANN CRAWFORD McCLURE, Justice


Before Panel Barajas, C.J., McClure, and Chew, JJ.