Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-10-00319-CV

**IN THE MATTER OF** Patricia Julliette **ERNST,** Deceased

From the Probate Court No. 2, Bexar County, Texas
Trial Court No. 2008-PC-0364
Honorable Tom Rickhoff, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Rebecca Simmons, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  January 12, 2011

AFFIRMED IN PART AND REVERSED AND RENDERED IN PART

This is an appeal of the probate court's judgment awarding Michael and Douglas White, the decedent's sons, damages based on the executor's alleged negligence, declaring Michael and Douglas the owners of the decedent's Security Service Federal Credit Union ("SSFCU") bank accounts, and awarding attorney's fees. Milton August Ernst, Jr., Individually and as Independent Executor of the Estate of Patricia Juliette Ernst, Deceased ("Milton") contends there is no evidence or insufficient evidence that he owed Michael and Douglas a duty, that he breached any duty, or that they suffered any damages. Ernst also asserts the trial court erred in awarding attorney's fees pursuant to the Declaratory Judgment Act, or alternatively, that the award of attorney's fees was improper because the evidence on attorney's fees was not

segregated between tort and non-tort causes of action. We reverse the portion of the judgment awarding Michael and Douglas damages on their negligence claim and affirm the judgment in all other respects.

## BACKGROUND

Patricia Juliette Ernst died and Milton, her surviving spouse, filed her will for probate. The will was admitted to probate and Milton was appointed Independent Executor. Shortly thereafter, Milton learned of a number of bank accounts that Patricia had opened during their marriage without his knowledge. Four of these accounts were with SSFCU, and two were payable-on-death to Michael and two to Douglas. Milton retained attorneys who sent a letter on his behalf to SSFCU advising that the accounts were the community property of Patricia and Milton. The letter also directed SSFCU not to distribute any money from the accounts to anyone but Milton acting either in his individual capacity or as the independent executor. In response to the letter, SSFCU froze the accounts.

Michael and Douglas filed a petition for declaratory judgment requesting the court find they were entitled to the funds in the SSFCU accounts because there had not been any fraud committed against Milton individually or on the community estate. They also pled tort claims for interference with their business relationship with SSFCU and negligence against Milton individually and as the executor of Patricia's estate.

After a non-jury trial, the trial court found that a suit for declaratory judgment by Michael and Douglas was proper to determine their ownership interest in the SSFCU accounts. The trial court determined that Michael and Douglas were the owners of the SSFCU accounts and that neither they nor Patricia committed a fraud on Milton individually or on the community estate. The trial court also made a finding that Milton, as executor, was negligent in failing to determine

whether either he or the estate had any right, title, or interest in the SSFCU accounts before sending the letter demanding that SSFCU not distribute any money from the accounts. The trial court determined Milton's negligence caused financial hardship and other damage "to one or more of the plaintiffs," and awarded $20,000.00 to Michael and Douglas. Additionally, the trial court awarded Michael and Douglas attorney's fees in the amount of $50,000.00. Judgment was rendered accordingly, and Milton filed this appeal.

## DISCUSSION

### *Negligence*

In Milton's first point of error, he contends there is no evidence or insufficient evidence that he owed a legal duty, a breach of any duty, or that Michael and Douglas suffered any damages. The existence of duty is a threshold question of law. *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998). "The nonexistence of a duty ends the inquiry into whether negligence liability may be imposed." *Id*. Generally, there is "no duty to take action to prevent harm to others absent certain special relationships or circumstances." *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 837 (Tex. 2000).

As the executor, Milton had statutory and fiduciary duties to protect the interests of the devisees of Patricia's estate. *See In re Estate of Head*, 165 S.W.3d 897, 902 (Tex. App.—Texarkana 2005, no pet.); *Ertel v. O'Brien*, 852 S.W.2d 17, 20 (Tex. App.—Waco 1993, writ denied) (*citing Humane Soc'y of Austin & Travis Cnty. v. Austin Nat'l Bank*, 531 S.W.2d 574, 571 (Tex.1975)). However, Michael and Douglas were not devisees of any of Patricia's property under her will. Rather, the SSFCU accounts were "payable on death" accounts and are governed by section 439 of the Probate Code. *Stauffer v. Henderson*, 801 S.W.2d 858, 862-63 (Tex. 1990). Section 439(a) provides in part:

> Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties against the estate of the decedent if, by a written agreement signed by the party who dies, the interest of such deceased party is made to survive to the surviving party or parties.

TEX. PROB. CODE ANN. § 439(a) (West 2003). Section 441 adds: "Transfers resulting from the application of Section 439 of this code are effective by reason of the account contracts involved and this statute and are not to be considered as testamentary or subject to the testamentary provisions of this code." TEX. PROB. CODE ANN. § 441 (West 2003).

Michael and Douglas were designated as the beneficiaries on Patricia's SSFCU accounts. Because the SSFCU accounts are non-testamentary, they were not a part of Patricia's estate. As such, Michael and Douglas were not devisees of Patricia's estate and Milton as the executor of the estate did not owe them any duty.

Michael and Douglas contend that a duty should be imposed on Milton based on the risk-utility balancing test. In determining whether to create a duty, we "must consider the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the actor." *Bird v. W.C.W.*, 868 S.W.2d 767, 769 (Tex. 1994) Michael and Douglas address only the foreseeability element of the risk-utility test. They merely contend that it should have been foreseeable to Milton that there was a risk they might need the SSFCU funds and they would be damaged if they were prevented from receiving the funds. This sole contention is insufficient to impose a duty on Milton because foreseeability alone does not create a duty. *See, e.g., D. Houston, Inc. v. Love*, 92 S.W.3d 450, 456 (Tex. 2002) ("We have declined to hold an alcohol provider liable for [drunk driving] injuries in some cases, not because the harm was unforeseeable, but because the defendant had no duty."); *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 353-54 (Tex. 1995) (finding no duty even assuming significant likelihood that

defendant could and did foresee the relevant harm); *Bird*, 868 S.W.2d at 769 (acknowledging that the harm in question was foreseeable, but finding no duty). Accordingly, we reverse the portion of the judgment awarding $20,000.00 in damages for Milton's alleged negligence.

### *Attorney's Fees*

In his second point of error, Milton contends the trial court erred in awarding attorney's fees under the Uniform Declaratory Judgment Act ("UDJA") because Michael and Douglas sought a declaratory judgment that there was no fraud on the community. Milton argues this was a request for a determination of non-liability for a tort, which is not a proper basis for a declaratory judgment.

A declaratory judgment is appropriate only if there is a justiciable controversy about the rights and status of the parties and the declaration will resolve the controversy. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 466 (Tex. 1995); *see also City of Helotes v. Miller*, 243 S.W.3d 704, 708 (Tex. App.—San Antonio 2007, no pet.). "'To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute.'" *Bonham*, 907 S.W.2d at 466 (quoting *Bexar-Medina-Atascosa Cntys. Water Control & Improvement Dist. No. 1 v. Medina Lake Prot. Ass'n*, 640 S.W.2d 778, 779-80 (Tex. App.—San Antonio 1982, writ ref'd n.r.e).

Here, Michael and Douglas asked the trial court to declare they were the rightful owners of the SSFCU accounts because there had not been a fraud on the community estate and they were the named beneficiaries on the accounts. Michael and Douglas did not seek a determination of non-liability on a tort claim because fraud on the community is not an independent tort. *See Davenport v. Scheble*, 201 S.W.3d 188, 195 (Tex. App.—Dallas 2006, pet. denied). Rather, "'a claim of fraud on the community is a means to an end, either to recover

specific property wrongfully conveyed, . . . or . . . to obtain a greater share of the community estate upon divorce, in order to compensate the wronged spouse for his or her lost interest in the community estate.'" *Schlueter v. Schlueter*, 975 S.W.2d 584, 588 (Tex. 1998) (quoting *Belz v. Belz*, 667 S.W.2d 240, 247 (Tex. App.—Dallas 1984, writ ref'd n.r.e.)); *see also Davenport*, 201 S.W.3d at 195. Because fraud on the community estate is not an independent tort, the trial court did not make a finding of non-liability in a tort action. Instead, the trial court determined that neither Milton nor the community estate had any interest in the SSFCU accounts and Patricia did not commit a fraud on the community by designating Michael and Douglas as the beneficiaries of the SSFCU payable on death accounts. This determination was the proper subject of a declaratory action, as it established the rights of Michael, Douglas, Milton, and the community estate to the SSFCU accounts. *See Bonham*, 907 S.W.2d at 466.

Milton also contends the trial court erred in awarding $50,000.00 in attorney's fees because Michael and Douglas failed to segregate the fees between the tort claims and the declaratory judgment. However, Milton waived this complaint because he did not object to the failure to segregate the fees at trial or by a post-verdict motion. *Amerada Hess Corp. v. Wood Group Prod. Tech.*, 30 S.W.3d 5, 13 (Tex. App.—Houston [14th] 2000, pet. denied); *O'Farrill Avila v. Gonzalez*, 974 S.W.2d 237, 249-50 (Tex. App.—San Antonio 1998, pet. denied).

## CONCLUSION

We reverse the trial court's judgment awarding Michael and Douglas damages premised on negligence and rendering judgment in favor of Milton on the negligence claim. We affirm the remaining portions of the trial court judgment.

Steven C. Hilbig, Justice