**Ronald Kent LORENSEN, Appellant,**

v.

**Vivian Alice WEABER, Appellee.**

**No. 05–91–01379–CV.**

Court of Appeals of Texas, Dallas.

Sept. 9, 1992.

Rehearing Denied Oct. 19, 1992.

Barrett Keith Brown, Sherman, for appellant.

Ronald W. Uselton, Sherman, for appellee.

Before THOMAS, CHAPMAN and KAPLAN, JJ.

## OPINION

THOMAS, Justice.

This appeal involves the determination of whether an informal marriage existed between Ronald Kent Lorensen and Vivian Alice Weaber. The trial court found that an informal marriage existed and thereafter entered a decree of divorce dividing the marital estate. In a single point of error, Lorensen contends that there was insufficient evidence as a matter of law to justify the trial court's conclusion that a valid marriage existed. We agree. Accordingly, we reverse the trial court's judgment and render judgment that a valid marriage did not exist.

### STANDARD OF REVIEW

The record does not contain findings of fact and conclusions of law, nor does it appear that any were requested. Because there are none, the trial court is presumed to have made all the necessary findings to support the judgment. *See Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex.1988). These implied findings may be challenged by "insufficient-evidence" and "no-evidence" points the same as jury findings. Further, the applicable standard of review is the same as applied

in the review of jury findings or a trial court's findings of fact. *Burnett v. Motyka*, 610 S.W.2d 735, 736 (Tex.1980). Where the evidence supports the implied findings, we must affirm the judgment if it can be upheld on any basis. *Point Lookout W., Inc. v. Whorton*, 742 S.W.2d 277, 278 (Tex. 1987).

■ Lorensen raises a legal-insufficiency point of error. A "legally insufficient" point is a no-evidence point, presenting a question of law. In deciding that question, we consider only the evidence and inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Jacobs v. Danny Darby Real Estate, Inc.*, 750 S.W.2d 174, 175 (Tex.1988). The findings must be upheld if there is more than a scintilla of evidence to support them. *Stedman v. Georgetown Sav. & Loan Ass'n*, 595 S.W.2d 486, 488 (Tex.1979). Evidence is no more than a scintilla when it is "so weak as to do no more than create a mere surmise or suspicion of [the fact's] existence." *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 755 (Tex.1970) (quoting Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX.L.REV. 361 (1960)). If the evidence supplies some reasonable basis for differing conclusions by reasonable minds, then there is some evidence. In other words, there is more than a scintilla of evidence. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex.1983).

## ELEMENTS OF INFORMAL MARRIAGE

■ The Texas Family Code provides that an informal marriage may be proved by evidence that the parties (1) agreed to be married, (2) after the agreement they lived together in Texas as husband and wife, and (3) they represented to others that they were married. TEX.FAM.CODE ANN. § 1.91(a)(2) (Vernon 1975). Prior to 1989, section 1.91(b) provided that the agreement to be married could be inferred if it was proved that the parties lived together as husband and wife and that they represented to others that they were married. *See* TEX.FAM.CODE ANN. § 1.91(b)

1. This action was filed on February 22, 1991,

(Vernon 1975). However, this inference was repealed in 1989. Section 1.91(b) now provides a statute of limitations in which to prove the marriage's existence. *See* TEX. FAM.CODE ANN. § 1.91(b) (Vernon Supp. 1992). The amendment applies to suits filed on or after its effective date, September 1, 1989.[1] Act of June 14, 1989, 71st Leg., R.S., ch. 369, § 10, 1989 Tex.Gen. Laws 1458, 1461.

### FACTS PRESENTED

This relationship began in February 1982 while the parties lived in Illinois. When Lorensen and Weaber left Illinois, they moved to Iowa. After that, the parties lived together in New Mexico and California. The record does not reveal when the parties moved to Texas, although it is clear that Lorensen started his own business here in early 1990. During the time they lived together throughout the United States, they rented property under the name of Ronald and Vivian Lorensen, and certain of the utilities were in the name of Lorensen. During this same period of time, Lorensen filed as a "single" person on his federal and state income tax forms. Lorensen claimed Weaber as a dependent on his tax returns, with the designation that she was a "friend."

*Agreement to be Married:*

■ Nowhere in the record did Weaber assert that she and Lorensen agreed to be married. She merely testified that she considered herself married to Lorensen. In addition, she testified on direct examination in relevant part as follows:

QUESTION: You got together with Mr. Lorenson February the 16th, 1982, some nine and a half years ago; is that correct?

WEABER: Yes.

QUESTION: And at that point in time, what was the agreement between the two of you as to living together?

WEABER: I don't understand.

QUESTION: Were you going to just live together, or did you consider yourself at that point in time husband and wife?

after the amendment's effective date.

WEABER: Not at that time.

QUESTION: Okay. At what point in time did you make the decision that you would be considered husband and wife?

WEABER: We had discussed it and said that it was just a piece of paper, you know, as far as going through the formalities and decided not to.

She further testified that, during this nine-and-a-half-year relationship, they periodically discussed getting a marriage license and going through a formal ceremony because of his family. However, she did not think that it was necessary because *she felt as if she were married.*

Considering only the evidence and inferences tending to support the finding and disregarding all evidence and inferences to the contrary, we conclude that no evidence supported the trial court's finding that the parties were informally married on February 16, 1982.[2] While it is unclear how specific the evidence of an agreement to be married must be after the statutory provision allowing inference of an agreement was repealed, it is clear that such evidence does not exist in this case. Weaber testified that, when they got together in February 1982, she did not consider them to be married. Additionally, her statement that she and Lorensen discussed marriage and decided not to go through the formalities does not constitute evidence that they ever, in fact, agreed to be married.

All three elements must be present at the same time and the absence of any one defeats a claim of an informal marriage. *See* 1 BARBARA A. KAZEN, FAMILY LAW: TEXAS PRACTICE AND PROCEDURE § 3.02 (1992). Because Weaber failed to establish that the parties agreed to be married, it is unnecessary to discuss the evidence concerning whether the parties lived *in Texas* as husband and wife and held themselves out *in Texas* as a married couple.

We sustain the sole point of error. Accordingly, we reverse the trial court's judg-

ment and render judgment that a valid marriage did not exist.

---

2. We note that as a matter of law there could not have been a marriage as of February 1982 because the parties were not living together in Texas as husband and wife and they were not holding out to the public in Texas that they were married. *See* TEX.FAM.CODE ANN. § 1.91 (Vernon 1975).